## AFFIDAVIT OF DAVID BRETON

I, David Breton, being duly sworn, depose and state as follows:

1. Since November 2005, I have been a United States Postal Inspector with the United States Postal Inspection Service ("USPIS"). I completed Basic Postal Inspector Training in Potomac, Maryland. As a Postal Inspector, I am responsible for investigations involving theft of United States mail, obstruction of United States mail, mail fraud, and other criminal activities involving the use of the mail, including the illegal distribution of controlled substances through the United States Mail.

2. I have participated in several aspects of drug investigations, including conducting surveillance, executing search warrants, and executing arrests. In many of these investigations, including this one, I work closely with and share information and intelligence with experienced drug investigators from other law enforcement agencies, including the Federal Bureau of Investigation, the Drug Enforcement Agency, the Massachusetts State Police and local police departments.

## PURPOSE OF AFFIDAVIT

3. I submit this affidavit in support of an application for a criminal complaint charging Emmanuelli Rojas MORAZA (born 1979) with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

4. I am familiar with the facts and circumstances of this investigation from my own personal participation and reports from other law enforcement agents. This affidavit is submitted for the limited purpose of establishing probable cause to believe that MORAZA has committed the above offense. Accordingly, I have not included each and every fact known to me and other

law enforcement officers involved in the investigation of MORAZA. I have set forth only the facts that I believe are needed to establish the requisite probable cause.

## PROBABLE CAUSE

5. On January 24, 2020, I obtained a search warrant for a package mailed to MORAZA in January 2020 that contained approximately one kilogram of a substance that field-tested positive for the presence of cocaine ("Package 2").[1] (Docket No. 20-mj-4005). Package 2 was addressed to "Emmanuelli Rojas, 183 Pleasant Street Apt 1L, Clinton, MA 01510" and contained USPS tracking number 9505 5111 1471 0021 7918 99.[2] The Subject Package indicated that it was sent by an individual with an address in San Juan, Puerto Rico. Agents searched Package 2 and it contained approximately one kilogram of an off-white powder that field tested positive for cocaine. This substance was wrapped in saran wrap, a vacuum sealed bag, and was hidden in purple wax within a small soft black lunch bag. The black lunch bag had images of white flowers on the outside of it.

6. After searching Package 2, agents reassembled it and put the cocaine back into the original USPS package for a controlled delivery to MORAZA. On January 24, 2020, at approximately 1:45 pm agents established covert surveillance in the area of 183 Pleasant Street, Clinton, the residence to which Package 2 was addressed.

7. At approximately 2:24 pm that same day, I dressed in an undercover capacity as a USPS mail carrier and drove to 183 Pleasant Street in a USPS vehicle. I left a USPS notice of

---

[1] I refer to this package using this non-chronological defined term to be consistent with other legal process in this investigation.

[2] USPS records show that "Emmanuelli Rojas" currently receives mail at this address.

delivery slip on the mailbox marked "1L" located to the left of the front door advising the recipient that the package was available for pick up at the Clinton Post Office.

8. As I returned to the USPS vehicle, MORAZA exited the front door of 183 Pleasant Street and removed the USPS delivery slip from the mailbox. MORAZA looked towards me and I advised him that I did not have the package, but that it was available for pick up at the Clinton Post Office. I then drove away from the area and returned to the Clinton Post Office.

9. At approximately 2:26 pm, agents observed MORAZA leave 183 Pleasant Street on foot while holding the USPS delivery slip. MORAZA walked in the direction of the Clinton Post Office located at 320 High Street in Clinton.

10. At approximately 2:39 pm, MORAZA entered the Clinton Post Office. MORAZA gave the delivery slip to a USPS employee, who advised MORAZA to knock on the blue door directly outside the customer service area and wait for someone to assist him there. MORAZA then knocked on the blue door. I met MORAZA at the door still dressed as an undercover USPS mail carrier. MORAZA provided the delivery slip to me and I asked if he was expecting a package from Puerto Rico. MORAZA responded "yes" and I asked him for an ID. MORAZA provided a Massachusetts Identification Card displaying his photograph and personal identifying information. At my request, MORAZA signed and printed his name and address on the back of the delivery slip and I then scanned Package 2 "as delivered" and handed it to MORAZA.

11. MORAZA then exited the front door of the Post Office while holding Package 2. Agents immediately approached MORAZA and arrested him on state narcotics charges. MORAZA was then transported to the Clinton Police Department for booking.

12. During his arrest, agents seized Package 2 and MORAZA's cellphone. During his booking, MORAZA provided his phone number and also provided written consent for law enforcement to search his cell phone. During a cursory search of the cell phone, law enforcement agents located a picture of a USPS receipt displaying the USPS tracking number, mailing cost, mailing date, and location for which the package was mailed from Puerto Rico. The tracking number on the receipt matched the tracking number located on Package 2. Agents also discovered that the USPS mobile application had been downloaded to the phone. I know that the USPS mobile application can be used to track packages like the Subject Package, and that it can provide text and email alerts to a package recipient like MORAZA.

13. Also during this brief search, agents noted that there were phone calls with a number with a "787" area code that is assigned to Puerto Rico. The two calls were at 2:33 pm and 2:37 pm, which is the time period when agents observed MORAZA walking to the Post Office to retrieve Package 2.

14. I know based on my training and experience that the quantity of the substance found in Package 2 is consistent with drug distribution as opposed to drugs possessed for personal use.

15. On January 24, 2020, agents also executed a search warrant at MORAZA's residence at 183 Pleasant Street, Apartment 1L. Agents seized a safe, Ziploc baggies, a vacuum sealing machine, bags for the vacuum sealing machine and a digital scale. Based on my training and experience, I know that such items are consistent with a drug distribution operation.

## **CONCLUSION**

16.     Based on the foregoing, there is probable cause to believe that on January 24, 2020, Emmanuelli Rojas MORAZA possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

I declare that the foregoing is true and correct.

_____
DAVID BRETON
U.S. Postal Inspector

Subscribed and sworn to before me,
this 5th day of February, 2020.

_____
Honorable David H. Hennessy
United States Magistrate Judge
District of Massachusetts